# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1376

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Timothy Kemner, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: September 28, 2011
Filed:  October 3, 2011

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

Timothy Kemner appeals the sentence the district court[1] imposed after he pleaded guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e).  On appeal, his counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging Kemner's sentence. We conclude, upon careful review, that the district court properly sentenced Kemner and imposed a reasonable sentence.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews sentencing decision for abuse of

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

discretion, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence); United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007) (appellate court applies presumption of reasonableness to sentence that reflects proper application of Guidelines, but presumption may be rebutted by reference to factors listed in 18 U.S.C. § 3553(a); defendant must show that district court failed to consider relevant factor, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but nevertheless committed clear error of judgment).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly we affirm the judgment of the district court, and we grant counsel leave to withdraw, subject to counsel informing Kemner about the procedures for seeking rehearing and petitioning for a writ of certiorari.

_____